FILED
SUPERIOR COURT
OF GUAM

2022 APR -7 PM 5: 14

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **KINDEN CORPORATION,** | **CIVIL CASE NO. CV0040-16** |
| **Plaintiff,** | |
| **vs.** | |
| **GUAM HEALTHCARE DEVELOPMENT, INC. dba GUAM REGIONAL MEDICAL CITY, DCK PACIFIC GUAM, LLC, DCK WORLDWIDE, LLC AND DOES I-III,** | **DECISION AND ORDER GRANTING KINDEN'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| **Defendant.** | |

This matter came before the Honorable Dana A. Gutierrez on January 7, 2022 for a hearing on Plaintiff Kinden Corporation's ("Kinden") Motion for Leave to File First Amended Complaint. Present via Zoom were Attorney Louie J. Yanza representing Kinden; Attorney Thomas McKee Tarpley representing Defendant dck Worldwide, LLC ("dck Worldwide"); and Attorney Vanessa L Williams representing Defendant Guam Healthcare Development, Inc d.b.a. Guam Regional Medical City ("GRMC"). Upon consideration of the arguments presented by the parties, and in accordance with applicable law, the Court now issues this Decision and Order **GRANTING** Kinden's Motion for Leave to File First Amended Complaint.

## PROCEDURAL HISTORY

This matter was initiated by Kinden's filing of its Verified Complaint and Demand for Jury Trial ("Complaint") on January 19, 2016. GRMC filed its Answer to the Complaint on March 8, 2016. After the parties stipulated to set aside the entry of default against Defendants dck Pacific Guam, LLC ("dck Pacific") and dck Worldwide, dck Pacific and dck Worldwide filed

an Answer to the Complaint on May 11, 2016. On May 24, 2016, the Court set the Pre-Trial Conference for March 7, 2017 and the Trial for April 1, 2017.

On October 27, 2016, the previously assigned judge in this matter, the Honorable Michael J. Bordallo, issued a Decision and Order granting Kinden's Motion to Compel Discovery filed against GRMC. In the decision, Judge Bordallo ordered GRMC to comply with Kinden's discovery requests and awarded Kinden attorneys' fees and costs associated with filing the Motion to Compel.

On December 7, 2016, Kinden filed a Motion to Compel Discovery against Defendants dck Worldwide and dck Pacific. On December 21, 2016, counsel for dck Pacific and dck Worldwide, Cabot Mantanona, LLP, filed a Motion to Withdraw As Counsel of Record for both dck Pacific and dck Worldwide.

During April of 2017, Judge Bordallo rescheduled the Pre-Trial Conference and the Trial pending a decision on the motions filed. Notice of Hearing (April 11, 2017); Notice of Hearing (April 18, 2017); Min. Entry (Apr. 4, 2017). On May 4, 2017, Judge Bordallo granted Cabot Mantanona's Motion to Withdraw As Counsel of Record.[1]

On May 17, 2017, Judge Bordallo granted Kinden's Motion to Compel Discovery against dck Pacific and dck Worldwide and again awarded Kinden attorneys' fees and costs associated with filing the Motion to Compel. On June 6, 2017, Attorney Tarpley entered his appearance as counsel for dck Worldwide.

On September 11, 2017 and December 19, 2017, the parties submitted stipulations to continue the Pre-Trial Conference and Trial date. On January 24, 2018, the Court ordered the parties to participate in mediation. On February 20, 2018, the Court set Trial for April 9, 2018. Based on the ongoing mediation, the parties submitted another stipulation to vacate the trial date set for April 9, 2018 and instead hold a Status Hearing in May of 2018.

---

[1] Since that date, no legal counsel has entered an appearance for dck Pacific.

On April 24, 2018, the parties informed the Court that mediation was unsuccessful, and the Court rescheduled the Pre-Trial Conference and Trial for August 28, 2018 and September 24, 2018, respectively. Min. Entry (Apr. 24, 2018).

On July 13, 2018, Attorney Vanessa Williams submitted a Substitution of Counsel and entered her appearance for GRMC. On the date of the Pre-Trial Conference, August 28, 2018, GRMC filed a Motion for Leave to File a Motion for Summary Judgment and Motion to Shorten Time.

At a hearing on September 4, 2018, the Court informed the parties that it would issue a decision regarding whether it would grant GRMC's Motion for Leave to File a Motion for Summary Judgment within the week. Min. Entry (Sept. 4, 2018). Kinden filed an Opposition to the Motion for Leave to File a Motion for Summary Judgment on September 5, 2018.

On September 7, 2018, Judge Bordallo granted GRMC's Motion for Leave to File Motion for Summary Judgment. GRMC filed its Motion for Summary Judgment on September 13, 2018 but did not include due dates for the responsive briefs in its CVR 7.1 Form 1 Notice of Motion. No opposition was filed. On December 20, 2018, Judge Bordallo granted summary judgment to GRMC on Kinden's foreclosure of mechanic's lien and unjust enrichment claims against GRMC.

On January 2, 2019, Kinden filed a Motion for Reconsideration asserting that Kinden was waiting for the Court to issue due dates on the responsive briefing to the Motion for Summary Judgment based on the Court's discussion with the parties at the September 4, 2018 hearing. On April 30, 2019, the Court granted Kinden's Motion for Reconsideration.

On November 11, 2019, Judge Bordallo granted GRMC's Motion for Summary Judgment in part and denied the Motion in part (hereinafter referred to as the "D&O" or "Judge Bordallo's D&O"). This matter was re-assigned to Judge *Pro Tempore* Jonathan R. Quan on February 14, 2020. At a hearing on February 18, 2020, Judge Quan scheduled the Pre-Trial Conference and

3

Trial for August 25, 2020 and September 1, 2020, respectively. These dates were vacated due to the then newly-appointed Honorable Dana A. Gutierrez and the postponement of jury trials based on the COVID-19 pandemic.[2]

On August 20, 2020, dck Worldwide filed a Motion to Bifurcate the trial in this matter. The case was re-assigned to the undersigned on September 21, 2020. The Court scheduled this matter for a Status Hearing on May 4, 2021. At the hearing, the Court requested additional briefing regarding the Motion to Bifurcate and Attorney Yanza informed the Court he would be filing a motion for leave to file an amended complaint. Min. Entry (May 4, 2021); Order After Hearing (May 4, 2021).

On June 2, 2021, Kinden filed the present Motion for Leave to File First Amended Complaint ("Motion for Leave"). Dck Worldwide filed its Opposition to the Motion for Leave on June 7, 2021.[3] GRMC filed its Opposition to the Motion for Leave on June 30, 2021. Kinden filed its Reply on July 14, 2021. The Court heard oral argument from the parties on January 7, 2022 and subsequently took this matter under advisement.[4]

## RELEVANT FACTS

This matter arises out of the Defendants' use of Kinden's services in the construction of GRMC. Compl., at ¶ 9-12. In Judge Bordallo's D&O granting in part and denying in part GRMC's Motion for Summary Judgment, the Court relied on the following facts:

---

[2] A complete listing of the Guam Supreme Court's Administrative Orders which postponed jury trials can be found at: http://www.guamsupremecourt.com/Administrative-Orders/Administrative-Order.asp.

[3] Dck Worldwide's Opposition was based on Kinden's proposed Amended Complaint alleging that it is owed $2.8 Million; however, Judge Bordallo's D&O acknowledged that Kinden amended its Mechanic's Lien down to approximately $337,000 following GRMC's payment on a portion of its claim. In Kinden's Reply brief, Kinden attaches a corrected proposed Amended Complaint asserting a claim of lien in the amount of $172,565.63. Reply, Exhibit 1. At a hearing on November 16, 2021, Attorney Tarpley informed the Court that this correction addressed the issue raised in dck Worldwide's Opposition, and dck Worldwide did not have any additional opposition. Min. Entry, at 9:49:38 AM (Nov. 16, 2021).

[4] A hearing on the Motion for Leave was delayed due issues related to the lack of legal representation for dck Pacific. *See* Order Vacating Motion Hearing and Setting Further Proceedings (June 30, 2021); Order Directing Defendant DCK Pacific Guam, LLC to Obtain Counsel (July 15, 2021).

GRMC initiated a new hospital construction project (hereinafter "Project"), selecting dck to serve as the general contractor of the Project. Compl., at ¶ 2. Kinden entered into a subcontract with dck on or about September 10, 2012, to provide labor and materials for the Project. *Id.*, at ¶ 3. In the summer of 2014, the Project was delayed for a variety of reasons, including major cracks in the structure of the building following a seismic event in September 2014. Decl. of Keith L. Farrell ¶ 3-4 (Sept. 13, 2018). Dck failed to pay its subcontractors, and many subcontractors walked off the Project in December 2014. *Id.* at ¶ 4. It was not until March 28, 2015, months later, that a solution was found and remediation work could begin. It took another three months for dck to complete remediation in June of 2015. *Id.*

Kinden alleges that as a result of these delays, it incurred extended overhead expenses. Compl., at ¶ 3. Kinden alleges that during the course of the construction, both GRMC and dck instructed Kinden to make change orders resulting in Kinden incurring further expenses. *Id.* at ¶ 4. Kinden alleges that the expenses related to extended overhead and change orders were not included in Kinden's scope of work. *Id.*

On or about June 11, 2015, Kinden provided preliminary notice of a mechanic's lien to GRMC. Compl., at ¶ 5. On June 25, 2015, dck sent a "cease work" letter to all workers and subcontractors, ordering them to immediately cease work, remove tools and equipment, and secure their work areas until further notice. Decl. of Keith L. Farrell ¶ 10. On October 19, 2015, Kinden recorded with the Department of Land Management a claim of mechanic's lien against the property of GRMC. Compl., Exhibit 2. In the mechanic's lien, Kinden claimed the amount of $2,841,309.88 as the reasonable value of all labor, materials, services, and equipment on the Project. *Id.*

Based on these facts, Kinden's initial Complaint asserted the following claims: 1) Foreclosure of Mechanic's Lien against GRMC; 2) Unjust Enrichment against GRMC; 3) Breach

of Contract With dck, alleging that dck Worldwide is the alter-ego of dck Pacific; and 4) *Quantum Meruit.* Compl., at ¶ 21-42; Errata to Verified Compl., at ¶ 1-7 (Apr. 7, 2016).

Regarding the Mechanic's Lien, in August 2016, GRMC determined that $1,900,999.03 of Kinden's $2,841,309.88 mechanic's lien was for Kinden's Payment Applications and retention, which GRMC did not dispute, and therefore paid Kinden $1,900,999.03. Decl. of Margaret A. Bengzon ¶ 8 (Sept. 13, 2018). This left a remaining amount of $766,744.96, representing Kinden's remaining REA (Request for Equitable Adjustment) Claims, Standby Manpower Claims, and Payment Application #26 for $170,836.00, all of which GRMC disputes. *Id.*

After receiving the $1,900,999.03 from GRMC, Kinden amended its Mechanic's lien to $337,188.60, and specified that $1,729.63 of which is for labor and materials. *Id.* at ¶ 9-10. GRMC claimed that upon its payment to Kinden of $1,900,999.03 in August 2016, it satisfied its debt to Kinden and properly settled the mechanic's lien. D&O, at 4 (Nov. 4, 2019).

In Judge Bordallo's November 4, 2019 D&O, the Court made the following findings:

1)      A triable issue exists as to whether the degree of GRMC's awareness of Kinden's work on the Project is sufficient enough to deem GRMC and Kinden "under direct contract," and therefore, Kinden's alleged failure to file a timely mechanic's lien does not constitute grounds for summary judgment on Kinden's Mechanic's Lien claim;

2)      Guam's mechanic lien statute does not permit a lien for delay damages, therefore summary judgment was granted on Kinden's mechanic's lien to the extent the claim seeks delay damages;

3)      All the necessary amounts to calculate the amount owed to Kinden have been provided to GRMC, therefore, Kinden's claims are not unliquidated and Kinden's claim for pre-judgment interest is not invalid as a matter of law;

4)      The *quantum meruit* and unjust enrichment claims against GRMC are equitable claims, and cannot be pursued unless Kinden can demonstrate that it has exhausted its contractual remedies.   Therefore, summary judgment on Kinden's *quantum meruit* and unjust enrichment claims were granted in favor of GRMC.

In light of Judge Bordallo's D&O, the following claims are remaining from the initial Complaint: 1) Foreclosure of Mechanic's Lien against GRMC with the exception of delay damages; and 2) Breach of Contract With dck, alleging that dck Worldwide is the alter-ego of dck Pacific.

## DISCUSSION

Kinden's proposed Amended Complaint would include three new causes of action: 1) Breach of Contract With GRMC As Principal of dck; 2) Breach of Contract With GRMC; and 3) Promissory Estoppel, as an alternative theory in the event the Court does not find that a contract existed with GRMC.  Reply, Exhibit 1, at ¶ 43-63.

Kinden's Motion for Leave is made pursuant to Rule 15(a) of the Guam Rules of Civil Procedure ("GRCP").  Rule 15(a) of the GRCP provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."   Requests for leave to amend should be granted with "extreme liberality." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020); *see M Electric Corp. v. Phil-Gets (Guam) International Trading Corp.*, 2016 Guam 35 ¶ 53 (hereinafter "MEC").[5]

In ruling on a Rule 15(a) motion for leave to amend a complaint, the Guam Supreme Court has directed the trial court to consider the following factors established in *Foman v. Davis*, 371 U.S. 178, 182 (1961) (hereinafter the "*Foman* factors"):

---

[5] Because Guam's Rule 15 of the GRCP was derived from its federal counterpart, federal interpretation of Rule 15 of the Federal Rules of Civil Procedure ("FRCP") is persuasive on this issue. *MEC*, 2016 Guam 35 ¶ 40.

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*MEC*, 2016 Guam 35 ¶ 42. These considerations are summarized by the following four factors: 1) undue delay; 2) bad faith; 3) prejudice to the opposing party; and 4) futility. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1152 (9th Cir. 2016).

### A. Undue Delay.

Regarding the delay in filing its Motion for Leave, Kinden asserts that because the COVID-19 pandemic began months after Judge Bordallo issued his D&O in November of 2019, resulting in a pause of Court operations, Kinden "did not have any meaningful opportunity to consider the ramifications of [Judge Bordallo's D&O] due to the unique and uncertain circumstances" of the case, and that through no fault of Kinden, this case has been at a standstill for various reasons. Motion, at 6.

In opposition, GRMC argues that Judge Bordallo's D&O did not have any bearing on Kinden's ability to amend sooner because the factual basis for the proposed amendments already existed prior to the D&O and existed at the time Kinden filed its initial Complaint. Opp., at 5. Further, GRMC asserts that Kinden could have filed its Motion for Leave in the months in between the November 2019 D&O and the start of the pandemic in February (or March at the latest) of 2020. Opp., at 5-6.

The Guam Supreme Court has held that the "non-moving party, or the court itself, must evidence something more than delay based on mere oversight in order to justify denial of leave to amend." *MEC*, 2016 Guam 35 ¶ 49. "[D]elay may serve as a 'predicate for a finding of bad faith' or other justification, but even under those circumstances there must be a showing of something more." *Id.*

In *MEC*, the defendant moved for summary judgment which the trial court granted in favor of the defendants, and the plaintiffs appealed. *Id.* at ¶ 16, 20. The Guam Supreme Court reversed the grant of summary judgment and remanded for further proceedings. *Id.* at ¶ 18-19. After the remand, the plaintiffs moved to amend their complaint to add a cause of action not previously included in the initial complaint. *Id.* at ¶ 20. The trial court denied the motion for leave to amend finding that plaintiff's failure to explain the oversight in leaving out the cause of action was evidence of "bad faith motive or dilatory tactic." *Id.* at ¶ 50.

The plaintiffs appealed the trial court's denial of leave to amend which the Guam Supreme Court reversed. *Id.* at ¶ 63. In reaching this conclusion, the Court cited to several cases wherein a delay in requesting leave to amend was insufficient to deny the request. *Id.* at ¶ 44. For example, the Court cited favorably to *Green v. Wolf Corp.*, 50 F.R.D. 220, 223 (S.D.N.Y. 1970), wherein the plaintiff moved to amend his complaint nearly four years after filing, offering no excuse for the delay other than that a new theory had not occurred to the attorney previously. *Id.* at ¶ 46.

In *Green*, the trial court granted the motion for leave to amend, holding that the defendant failed to adequately show that it would be prejudiced by any delay the amendment would cause. *Green*, 50 F.R.D. at 223. The *Green* Court stated:

> Defendants aver that they have conducted this litigation thus far on the basis of the claims asserted in the original complaint. This may be assumed, but defendants do not go beyond this statement to demonstrate what real prejudice arises from this state of facts. For example, no showing is made of what delay aside from the time required to file an answer will ensue if the proposed amendment is allowed. Nor do defendants attempt to demonstrate that evidence relevant to plaintiff's new claims now is no longer available. In short, defendants' mere statement of the obvious advances their claim of prejudice not at all.

*Id.*[6]

---

[6] The Court recognizes that GRMC cites to cases from other jurisdictions which have found that in certain circumstances, leave to amend may be denied where the movant seeks to change their theory of the case after summary judgment has been granted against the movant. Opp., at 6-7. However, the Court notes the Guam Supreme Court's reasoning in *MEC* as well as its discussion of the facts in *Green*. Specifically,

Although the *MEC* Court acknowledged that *other* courts have held that denial of a motion to amend may be justified when the moving party is motivated to amend its pleadings as a tactic to defeat an unfavorable ruling upon summary judgment, the Court immediately followed this acknowledgement by re-emphasizing that in Guam, Rule 15(a) "is governed by a liberal policy, weighted in favor of granting amendment." *MEC*, 2016 Guam 35 ¶ 52-53. Ultimately, the *MEC* Court established that a delay in requesting leave to amend alone is insufficient grounds to deny such a request. *Id.* at ¶ 49; *see In re Tracht Gut*, 836 F.3d at 1155, n. 4 ("[U]ndue delay alone cannot serve as the basis for the denial of leave to amend.").

The facts in the instant case are akin to both *MEC* and *Green*. Kinden has filed its Motion for Leave approximately five years after the filing of its initial complaint. The trial court has already ruled on one summary judgment motion brought by GRMC and ruled in favor of GRMC on some issues. D&O (Nov. 4, 2019).

By comparison, in *MEC*, the trial court also had already ruled on a summary judgment motion and movant did not request leave to amend until the case was remanded back to the trial court after an appeal. *MEC*, 2016 Guam 35 ¶ 20. The request in *MEC* was made approximately two years after the initial complaint was filed. *Id.* Similarly, in *Green*, plaintiffs moved to amend nearly four years after filing their initial complaint, offering no excuse for the delay other than that the new theory had not occurred to the attorney previously. *Green*, 50 F.R.D. at 223.

Here, Kinden at least asserts that many of the delays which have caused a postponement of trial in this matter were due to no fault of Kinden's, such as the Defendants' request for mediation against Kinden's opposition to mediation, as well as GRMC's request for leave to file

---

in *MEC*, the Court did not find the fact that summary judgment had already been adjudicated to be relevant in finding undue delay. *See MEC*, 2016 Guam 35 ¶ 49, 52-56. Additionally, in *Green*, the fact that the movant sought to add a claim based on a legal theory that simply had not occurred to counsel until four years after the initial Complaint was filed was insufficient to deny leave to amend. *Green*, 50 F.R.D. at 223. Therefore, the binding precedent established by *MEC*, as well as the holding in *Green*, cited favorably in *MEC*, are inconsistent with the case law cited to by GRMC.

10

a motion for summary judgment on the day of the Pre-Trial Conference. Reply, at 3-4. Furthermore, although Kinden could have filed its Motion for Leave at any time, the Court acknowledges that the COVID-19 pandemic affected Court operations resulting in the Supreme Court's extension of filing deadlines for several months.[7]

Also similar to *Green* and *MEC*, Kinden admits that it has always possessed knowledge of the facts upon which its new claims are based. Motion, at 6. However, even if the only excuse for Kinden's delay is that the new legal theories had not occurred to Kinden's counsel previously, this Court must not deny a request for leave to amend based on undue delay alone. *MEC*, 2016 Guam 35 ¶ 49; *Green*, 50 F.R.D. at 223.

Therefore, while it is true that Kinden's request for leave to amend is made after a significant amount of time has passed since the filing of the initial Complaint and after a ruling on summary judgment has been made, such a delay and the ruling will not by themselves preclude the granting of leave to amend, and the Court must evaluate the remaining *Foman* factors.

### B. Bad Faith or Dilatory Motive.

GRMC asserts that Kinden admits that factual basis for the new claims is the same as the facts upon which the original claims are based and that Kinden was fully advised of the facts constituting the amended claims as early as the filing of the original Complaint. Opp., at 11. Therefore, GRMC argues that because Kinden waited five years after the Complaint was filed and after summary judgment was ruled upon to request leave to amend, this constitutes a "blatant delay." *Id.* As a result of this "blatant delay," GRMC asserts that "the Court can infer a finding of bad faith." *Id.*

---

[7] The first Supreme Court Administrative Order tolling all filing deadlines was the Updated Order Relative to Court Operations Under Exigent Circumstances Related to COVID-19 (Coronavirus). ADM20-239 (May 4, 2020) (tolling all filing deadlines from March 27, 2020 to June 5, 2020). The most recent Supreme Court Administrative Order tolling the filing deadlines was the Tenth Updated Order Relative to Court Operations Under Exigent Circumstances Related to COVID-19 (Coronavirus). ADM20-411 (Sept. 25, 2020) (tolling all filing deadlines until October 19, 2020).

As previously stated, "delay may serve as a 'predicate for a finding of bad faith' or other justification, but even under those circumstances there must be a showing of something more." *MEC*, 2016 Guam 35 ¶ 49. Although the *MEC* Court cites to cases which found bad faith where the movant requested leave to amend despite knowing facts constituting the amendment at the time of the initial pleading, the *MEC* Court ultimately held that the plaintiff's knowledge of the facts and failure to act was not sufficient to support an inferred finding of bad faith. *MEC*, 2016 Guam 35 ¶ 55 ("We disagree with the trial court that MEC's knowledge of the facts and failure to act was sufficient to support an inferred finding of bad faith.") (citing *Williams v. Savage*, 569 F. Supp. 2d 99, 107–08 (D.D.C. 2008)).

Here, the delay in Kinden's filing of a request for leave to amend despite having knowledge of the facts upon which the new claims are based is the only basis offered by GRMC in support of its assertion that Kinden has acted in bad faith. Opp., at 10-11. The Guam Supreme Court explicitly rejected this argument in *MEC*, holding that a Court may not infer a finding of bad faith without "a showing of something more" than merely that the plaintiff had knowledge of the facts, yet failed to act sooner. *MEC*, 2016 Guam 35 ¶ 49. Because GRMC has not shown anything more than that Kinden contained knowledge of the facts upon which the new claims are based but failed to request leave sooner, this Court may not infer a finding of bad faith in this case. *See id.*

### C.    Undue Prejudice.

GRMC asserts that it would be unduly prejudiced if Kinden were granted leave to amend because GRMC would have to relitigate issues already adjudicated and ruled upon in the Court's November 2019 D&O. Opp., at 9. Specifically, GRMC argues that in Kinden's proposed Amended Complaint, Kinden continues to allege that it is owed $2.8 million under a mechanic's lien, despite the trial court's acknowledgement that GRMC has already paid Kinden $1,900.999.03, and Kinden therefore amended its lien down to $337,188.60.00. *Id.* Thus,

GRMC insists that because Kinden still seeks $2.8 million under the lien in its proposed amendment, GRMC would suffer prejudice because it would be forced to relitigate matters already adjudicated in the trial court's D&O. *Id.*

However, as noted above, in Kinden's Reply brief, Kinden addressed this issue by attaching a corrected proposed Amended Complaint which asserts only $172,565.63 under the Mechanic's Lien claim. Reply, Exhibit 1, at ¶ 32; *see* discussion *supra* note 3. Kinden states that due to an oversight, Kinden failed to correct the amount sought in the initial proposed Amended Complaint. Reply, at 9. Other than its general opposition to the Motion for Leave, GRMC did not oppose Kinden's submission of a corrected proposed Amended Complaint as an attachment to the Reply brief. Min. Entry (Jan. 7, 2022).

The party opposing the amendment must adequately show how it would be prejudiced by the proposed amendment. *MEC*, 2016 Guam 25 ¶ 46. For example, in *Green*, prejudice was not sufficiently demonstrated where the opposing party did not show what delay outside from the time required to file an answer will ensue if the proposed amendment is allowed, nor did they demonstrate that evidence relevant to the party's new claims is no longer available. *Id.* (citing *Green*, 50 F.R.D. at 223). Simply stating the obvious—that the party has been conducting the litigation thus far on the basis of the claims in the original complaint—does not advance an assertion of prejudice. *Id.* Solely a "lapse of time" does not allow the Court to make a finding that a party will be unduly prejudiced. *Id.* at ¶ 61. Furthermore, a finding of prejudice will be clearly erroneous when it is not "supported by substantial evidence." *Id.* at ¶ 63.

Kinden corrected the amount sought under the Mechanic's Lien claim and now seeks only $172,565.63 under the lien in accordance with Judge Bordallo's D&O. Reply, Exhibit, at ¶ 32. Therefore, GRMC's argument that it would suffer prejudice because it would be forced to relitigate matters already adjudicated due to Kinden still seeking $2.8 million under the lien is resolved by the correction in Kinden's proposed Amended Complaint. As this is the only

argument offered by GRMC in support of its contention that it will be prejudiced if Kinden is granted leave to amend, GRMC has failed to present the Court with "substantial evidence" to support a finding that GRMC will be prejudiced if the Court grants leave to amend.

### D. Futility of Amendment.

GRMC asserts that Kinden's proposed amendments would be futile because the allegations contained in the proposed Amended Complaint should not relate back to the filing of the initial Complaint. Opp., at 12. GRMC argues that because the three new causes of action are based on contractual obligations, they are subject to a four-year statute of limitations, and without relating back, four years has expired since the time the allegations occurred. *Id.*

The Guam Supreme Court has not analyzed the "futility of amendment" *Foman* factor in the context of reviewing a Rule 15(a) motion for leave to amend. Because Guam's Rule 15 of the GRCP was derived from its federal counterpart, federal interpretation of Rule 15 of the FRCP is persuasive on this issue. *MEC*, 2016 Guam 35 ¶ 40.

When assessing futility, the Court must first determine whether the proposed amendment would relate back under Rule 15(c) for statute of limitations purposes. 1 Federal Rules of Civil Procedure, Rules and Commentary, Rule 15. When a statute of limitations argument is raised in support of an assertion that a proposed amendment would be futile, the "issue is whether or not the proposed amendment can relate back, for if it cannot then it would be an idle gesture for the court to permit the amendment." *Green*, 50 F.R.D. at 224.

Rule 15(c)(2) of the GRCP provides:

> An amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]

The purpose of Rule 15 "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Slayton v. American Exp. Co.*, 460 F.3d

215, 228 (2d Cir. 2006) (internal citations omitted). "For a newly added action to relate back, 'the basic claim must have arisen out of the conduct set forth in the original pleading[.]'" *Id.* The "central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Id.*

When a new and different claim or cause is stated in an amended pleading, "the general wrong suffered and the general conduct causing the wrong are the controlling considerations." *Green v. Walsh*, 21 F.R.D. 15, 19 (E.D. Wis. 1957) (citing *Tiller v. Atlantic Coast Line*, 323 U.S. 574, 581 (1944)) (hereinafter "*Walsh*"). "If the facts alleged show, substantially, the same wrong with respect to the same transaction, or if it is the same matter more fully and differently laid, or if the gist of the action, or the subject of the controversy remains the same, the amendment should be permitted." *Id.* (citing *Maty v. Grasselli Chemical Co.*, 303 U.S. 197, 200 (1938)). A change of the legal theory of the action is not the test of the propriety of a proposed amendment, rather the specified conduct of the defendant upon which the plaintiff tries to enforce his claim is to be examined, as opposed to the theory of law upon which the action is brought. *Id.* (citing *Heay v. Phillips*, 201 F.2d 220 (9th Cir. 1952); 3 Moore's Federal Practice, § 15.15).

Here, a review of Kinden's initial Complaint compared to its proposed Amended Complaint reveals that the claims in the amended pleadings do arise out of the same "conduct, transaction, or occurrence" set forth in the original pleading. *Compare, e.g., Walsh*, 21 F.R.D. at 20 (where the plaintiffs sued to collect on a judgment, and the judgment was subsequently vacated, plaintiffs were permitted to amend their complaint to collect based on the underlying promissory note, guarantee, cognovit, and sellers' recourse endorsement executed by the defendants); *Antoine v. Virgin Islands Port Authority*, No. 2001/63, 2008 WL 11429699, at *1, 3 (D.V.I. 2008) (where the original complaint only pled a claim for an injunction, and the amended complaint asserted ten counts for relief, including breach of contract, and it was undisputed that

the claims arose from the same transaction and occurrence as that set forth in the original complaint, *with Nettis v. Levitt*, 241 F.3d 186, 193 (2d Cir. 2001) (where the new claims were held to not relate back because they involved an entirely distinct set of facts and involved a conflict between completely different parties).

The three additional claims asserted by Kinden are: 1) Breach of Contract With GRMC As Principal of dck; 2) Breach of Contract With GRMC; and 3) Promissory Estoppel, as an alternative theory in the event the Court does not find that a contract existed with GRMC. Reply, Exhibit 1, at ¶ 43-63.

### 1. The Breach of Contract with GRMC As Principal of dck Claim.

The Breach of Contract with GRMC As Principal of dck is based on dck's agreement with GRMC for dck to construct a new private hospital and for dck to act as the general contractor of the Project. Reply, Exhibit 1, at ¶ 9-11. Pursuant to the agreement between GRMC and dck, Kinden presents a new legal theory that dck was the agent of GRMC, and therefore, as the principal of dck, GRMC is liable for the acts that dck committed while acting within the scope of its authority as agent for GRMC. *Id.*, at ¶ 12, 43-51.

Although this cause of action does assert a new legal theory, the claim is still based on the same "conduct, transaction, or occurrence" alleged in the original pleading, namely, that GRMC entered into an agreement with dck who entered into an agreement with Kinden, and that as a result of GRMC's and dck's conduct, plaintiff suffered damages. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 463 (4th Cir. 2007) (where the plaintiff amended the complaint to assert a breach of contract claim against the defendant's subsidiary and allege that the originally-named defendant should be held liable on an alter ego theory, and the court held that the claims relate back under Rule 15).

Furthermore, Judge Bordallo acknowledged that facts supporting the existence of an agency relationship between GRMC and dck may be present. D&O, at 17 ("Although the Court

holds that the facts may be present that such a relationship exists, the Court finds that the agency issue in *Aladdin* only gave rise to a contractual claim but not an equitable claim. As both *quantum meruit* and unjust enrichment are equitable claims, they cannot be pursued unless Kinden can demonstrate that it has exhausted its contractual remedies.").

In light of the November 2019 D&O, this Court cannot find that GRMC had no notice of Kinden's assertion that an agency relationship may exist between dck and GRMC. The Court finds that the Breach of Contract With GRMC As Principal of dck claim relates back to the filing of the original Complaint pursuant to Rule 15(c) of the GRCP.

### 2. Breach of Contract With GRMC.

The Breach of Contract With GRMC claim is based on Kinden's assertion that as a result of GRMC's insistence that Kinden continue working on the Project, Kinden incurred extended overhead and delay costs. Reply, Exhibit 1, at ¶ 53. As a result, this claim alleges a new legal theory that GRMC's insistence that Kinden work constituted an "offer" and that by continuing to work on the Project, Kinden "accepted" the offer, creating a contract between GRMC and Kinden. Reply, Exhibit 1, at ¶ 53-54.

Plaintiff's initial Complaint alleges that "during the course of construction of the new hospital, both GHDI and dck pacific instructed Plaintiff to make change orders resulting in the Plaintiff incurring further expenses." Compl., at ¶ 14. In light of this comparison, the Court finds that the new breach of contract claim against GRMC arises out of the same "conduct, transaction, or occurrence" alleged in the original Complaint, namely, that GRMC directly instructed Kinden to take certain actions, and as a result of Kinden's compliance with those instructions, Kinden incurred damages. *See Walsh*, 21 F.R.D. at 19; *Slayton*, 460 F.3d at 228 (finding that where a proposed amended complaint alleges a new legal theory where the legal theory is based on conduct of the defendant alleged in the original complaint, the new claims will

relate back to the original complaint). The Court finds that the Breach of Contract With GRMC claim relates back to the filing of the original Complaint pursuant to Rule 15(c) of the GRCP.

### 3.    Promissory Estoppel.

In the event that the Court finds that GRMC did not create a legally enforceable contract with Kinden, Kinden asserts the alternative theory of recovery under the doctrine of promissory estoppel. Reply, Exhibit 1, ¶ 59-63. This theory is based on the same facts alleged in support of the Breach of Contract With GRMC claim. *Id.* However, Kinden alleges that instead of an "offer and acceptance," GRMC's insistence that Kinden continue work induced reliance on the part of Kinden that it would be paid, giving rise to a claim for recovery under promissory estoppel.

Because the facts asserted in support of this claim are the same as those alleged in support of the Breach of Contract With GRMC claim, and this Court has found that those facts arise out of the same "conduct, transaction, or occurrence" as those alleged in the original Complaint, the Court must additionally find that the promissory estoppel claim relates back to the filing of the original Complaint pursuant to Rule 15(c) of the GRCP.

As GRMC notes, the three proposed claims asserted by Kinden are based on contractual obligations, therefore, they are subject to a four-year statute of limitations. 7 GCA § 11303(a). Dck entered into its subcontract with Kinden on or about September 10, 2012. Compl., at ¶ 13. The original Complaint was filed on January 19, 2016, within the four year statute of limitations. Because the original Complaint was filed within the statute of limitations and the proposed claims all relate back to the filing of the original Complaint, this Court finds that Kinden's proposed amendment would not be futile. *Foman*, 371 U.S. at 182; *Green*, 50 F.R.D. at 224.

Lastly, it is undisputed that Kinden has not repeatedly failed to cure deficiencies through amendments previously allowed by this Court. *See Foman*, 371 U.S. at 182. Accordingly, this

Court finds that the *Foman* factors do not weigh in favor of denying Kinden's Motion for Leave to Amend, and therefore, Rule 15 requires leave to be "freely given." *Id.*

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Kinden's Motion for Leave to File First Amended Complaint. The Court further **ORDERS** Kinden to file its First Amended Complaint by **Thursday, April 21, 2022**.

**SO ORDERED:** _____APR 0 7 2022_____

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
YANZA, J. Williams
T. Tarpley
Date: _____ Time: 4/7/22
**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam